BAY STATE MUTUAL FIRE INSURANCE COMPANY vs. JONA-
THAN J. SAWYER.

An assessment on a premium note, given to a mutual fire insurance company,
duly laid at a regular monthly meeting of the president and directors, held
pursuant to the by-laws of the company and the statutes of the common-
wealth, is valid, without affirmative proof that notice was given to the directors
that an assessment would be laid at such meeting; although one by-law of
the company provides that "in case an assessment be needed for any purpose,
the directors shall have power to order such assessment at any meeting called
for that purpose."

THIS was an action of assumpsit, commenced October 8,
1850, on a promissory note dated September 11, 1848, signed
by the defendant, whereby, in consideration of his being in-
sured by the plaintiffs, he promised to pay the plaintiffs, or
their treasurer for the time being, the sum of $277.50, in such
portions, or at such time or times, as the directors might,
agreeably to their act of incorporation and by-laws, require;
and the action was brought to recover an assessment, laid
February 1, 1849, amounting to $22.20, and a second assess-
ment of $55.56, laid October 1, 1849.    The defence was the
general issue.

The twenty-second article of the by-laws was in these
words: " To avoid the necessity of making an assessment in
case of trifling losses, a majority of the directors are author-
ized to borrow such sum or sums as may be necessary.    And
in case an assessment be needed for any purpose, the direc-
tors shall have power to order such assessment, at any meet-
ing called for that purpose."

At the trial in the court of common pleas, before *Perkins*, J.,
the plaintiffs offered evidence that the first assessment was
laid by the directors at the regular monthly meeting, at which
ten of the fifteen directors were present, seven being a quo-
rum; but there was no evidence tending to show that notice
had been given that an assessment would be laid at that
meeting.    The defendant requested the court to rule, that if
the plaintiffs failed to show affirmatively that the directors
were previously notified that an assessment would be laid at

that meeting, the assessment so laid was void, and this action could not be maintained. But the court ruled, that if the assessment was laid at a regular monthly meeting of the directors, held for the transaction of business, it was a sufficient compliance with the act of incorporation and by-laws of the company, and such assessment was valid.

The jury returned a verdict for the plaintiffs for the amount of the first assessment, with interest from the date of the writ, and to the foregoing ruling the defendant excepted.

*J. A. Jacobs*, for the defendant.

*T. L. Wakefield*, for the plaintiffs.

SHAW, C. J. The plaintiffs claim to recover the amount of assessment on a premium and deposit note given to a mutual insurance company, pursuant to the act of incorporation.

It is true, as insisted by the defendant, that the plaintiffs sue on an express contract, which is qualified by the charter and by-laws, and that the company are bound to prove it as laid. The contract is in form a promissory note, and binds the maker to pay such portions of the stipulated sum at such times, &c., as the directors may require, agreeably to the act of incorporation and by-laws. The act, passed March 15, 1848, creates the corporation, and invests it with all the privileges, and makes it subject to all the duties of the 37th and 44th chapters of the revised statutes.

By the revised statutes, c. 37, the duties of directors are prescribed and regulated; and by § 31 it is made the duty of the directors, in case of loss, forthwith to assess such sum as may be necessary to pay the same, upon the members, in proportion. This is a duty imposed on the directors by law. The by-laws could not, in this respect, change their duties or revoke their authority, if the company were inclined to do so. But the company may make by-laws, providing more in detail how these duties shall be performed, consistently with the charter. The by-law, article three, directs, that the president and directors shall superintend the prudential and financial concerns of the company, determine the rates of insurance, &c., and shall have the management and direction of all the matters and things not otherwise provided for in

these regulations. The article provides that the president and directors shall meet likewise at the company's office on the first Thursday of each month, and other times, as they shall judge necessary. Article twenty-two directs that, in case an assessment be needed for any purpose, the directors shall have power to order such assessment at any meeting called for that purpose.

The case finds that the assessment sued for was laid at a regular monthly meeting of the president and directors, held pursuant to the by-laws; but no notice had been given to the directors that the subject of laying such assessment would be considered at that meeting. The defence relied upon was, and the defendant requested the judge to instruct the jury, that if the plaintiffs failed to show affirmatively that the directors were previously notified that an assessment would be laid at that meeting, the assessment so laid was void, and the action could not be maintained. The judge instructed otherwise; and the jury having found a verdict for the plaintiffs, the question now recurs, whether that direction was right.

We have no doubt that this direction was strictly correct. The theory and fundamental principle of mutual insurance companies, is, as the designation imports, that all the members are at once insurers and assured. The charter is made subject to the general law, and the general law requires the choice of directors, and makes it their duty to lay assessments when occasion requires. Such power of assessment is their main resource; they have small funds besides. The directors are the common agents of all the members, acting under powers, in the performance of duties, created by law, which the vote of the company could not take away or annul. To lay assessments, therefore, when occasion requires, is one of their regular and ordinary powers in the superintendence and management of the concerns of the company. These being of regular recurrence, the by-laws fix a day for a regular monthly meeting, not directing what shall be specially done at these meetings. The just conclusion is, that they are thus to meet to perform these usual and recurring duties as they may arise. These duties being marked out by the charter and

by-laws, no special notice is necessary to the directors. They are presumed to know them, and come prepared to act on them.

A different rule may prevail in regard to municipal and some other corporations; we are considering the case of a board of directors whose duties are plainly marked. It seems to us, therefore, quite clear, that the duty of laying assessments would come within their authority at any monthly meeting, were it not for the provision in § 22; and, in fact, the whole defence is placed upon this provision. The first clause of the article is this: " To avoid the necessity of making an assessment in case of trifling losses, a majority of the directors are authorized to borrow such sum or sums of money as may be necessary." Then comes the clause in question: " And in case an assessment be needed for *any purpose*, the directors shall have power to order such assessment, at any meeting called for that purpose." Here are no negative words, to prohibit assessments from being laid at other meetings; no imperative words requiring assessments to be laid at a meeting called for the purpose. Nor can we see any reason why it should be so required. If it were a notice to the members, the parties to be assessed, in order to give them an opportunity to oppose and resist such assessment, it would be a different thing. But it is not contended that all assessments must be made at such meetings only, although it is conceded that a monthly meeting may be a general meeting for this purpose, if the directors are specially informed that the question of assessment is then to be considered; so that it is not notice to the members, but to the directors.

But it appears to us that article 22 has a very proper place in the argument. It may happen that a great loss by fire may occur soon after a monthly meeting; many members of the company may be sufferers; the call for an assessment may be urgent; then a special meeting may be called, and an assessment laid. This was an enabling act, not controlling the authority of the directors at a monthly meeting, but giving them an additional power to do the same at a special meeting called for that purpose.          *Exceptions overruled.*